Cheryl A. Williams (Cal. Bar No. 193532)
Kevin M. Cochrane (Cal. Bar No. 255266)
caw@williamscochrane.com
kmc@williamscochrane.com
WILLIAMS & COCHRANE, LLP
28581 Old Town Front Street
Temecula, CA 92590
Telephone: (619) 793-4809

Attorneys for Plaintiff
PAUMA BAND OF MISSION INDIANS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUMA BAND OF LUISENO MISSION INDIANS OF THE PAUMA & YUIMA RESERVATION**, a/k/a PAUMA BAND OF MISSION INDIANS, a federally-recognized Indian Tribe,<br><br>Plaintiff,<br><br>vs.<br><br>**UNITE HERE INTERNATIONAL UNION**; **STATE OF CALIFORNIA**; and **EDMUND G. BROWN, JR.**, as Governor of the State of California;<br><br>Defendants. | Case No.: 16-CV-2660 BAS (AGS)<br><br>**DECLARATION OF CHERYL A. WILLIAMS IN SUPPORT OF PAUMA BAND OF MISSION INDIANS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

I, CHERYL A. WILLIAMS, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California and the United States District Court for the Southern District of California. I am a partner with the law firm of Williams & Cochrane and counsel for Plaintiff Pauma Band of Mission Indians ("Pauma" or "Tribe"), a federally recognized Indian tribe. I am competent to testify and base this declaration on personal knowledge and the records of my firm. I submit this declaration in support of Pauma's Motion for Leave to File the Second Amended Complaint ("Motion").

2. On January 20, 2017 at 4 PM, counsel for all the parties participated in a telephonic meet and confer conference regarding Pauma's anticipated motion for leave to file a second amended complaint. The attendees of the conference included Kevin Cochrane and myself on behalf of Pauma, Jennifer Henderson and T. Michelle Laird for the State Defendants, and Kristin Martin and Yonina Alexander for UNITE HERE International Union ("Union").

3. During the conference, I informed counsel that the planned amendments for the Second Amended Complaint would consist of allegations setting forth statements made by the Union in documents it filed in the United States District Court for the Northern District of California ("Northern District") in the action entitled, *In re Indian Gaming Related Cases,* with the case number of 97-04693. Approximately two weeks ago my firm discovered the existence of these documents on the docket for the Northern District although they are not available from PACER. My firm then ordered and obtained them from the National Archives and Records Administration. I explained these events to counsel during the call and described four of the documents by name that would be alleged in the Second Amended Complaint, including the Union's motion to intervene, the Union's answer, the Union's opposition to plaintiffs' motion for summary judgment, and the Union's opposition to plaintiffs' motion for reconsideration of order denying summary judgment motion. Kevin Cochrane also explained that Pauma would seek to file

DECLARATION OF C. WILLIAMS ISO PAUMA BAND OF MISSION INDIANS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

a motion for judgment on the pleadings in connection with the Second Amended Complaint. Counsel for the Defendants requested copies of the documents I described during the conference call, which I agreed to provide once we had received them all and scanned them into electronic format.

4. As promised, on the following Monday, January 23, 2017, I emailed counsel for Defendants with copies of the documents I described on the call along with two others, explaining as follows:

> As we discussed during last week's meet and confer regarding Pauma's upcoming motion for leave to file a second amended complaint ("SAC"), I have attached to this email 6 documents from the relevant case files. We intend to add new allegations referencing portions of the language in these documents to show positions taken by the Union that are contrary to arguments made in its recently filed motion to dismiss Pauma's First Amended Complaint. As we are all familiar with those arguments, it will not be difficult to figure out what language will be included in the SAC upon a cursory reading of these documents. We do not anticipate adding additional claims at this point. We will be receiving additional documents in the coming days that we may want to include in the SAC as well and we will send those along if we decide to include them.
> Please let us know by Wednesday, if possible, if your clients will stipulate to the filing of the SAC.

The documents that were attached to the foregoing email are the same ones attached to this declaration as Exhibits C through G, as set forth more fully below.

5. In response, counsel for the State Defendants explained that "State Defendants will proceed with their pending motion to dismiss rather than stipulate to the filing of a second amended complaint" because the documents [that I sent them] "do not appear to affect Pauma's claims against State Defendants, or to resolve issues that State Defendants raised in their motion to dismiss the first amended complaint." Counsel for the Union insisted on receiving a redlined copy of the Second Amended Complaint before taking a position.

6. Based on these responses and the history of dealing with counsel for Defendants in this action, I believe that all defendants will oppose the instant motion. Should defendants agree to the filing of the Second Amended Complaint, I assume they

2     Case No.: 16-CV-2660 BAS (AGS)
DECLARATION OF C. WILLIAMS ISO PAUMA BAND OF MISSION INDIANS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

will notify this Court after the instant motion is filed. However, Pauma is simply out of time given that the next available hearing date for this motion is February 27, 2016 and Pauma's opposition to the pending motions to dismiss is due on March 6, 2017. [Dkt. No. 17] Had I engaged in further emails with counsel for defendants in an effort to reach agreement in the form of a joint motion, I believe this would have been a fruitless endeavor designed to delay the instant motion. To explain further, when counsel for Pauma filed the First Amended Complaint on December 19, 2016 [Dkt. No. 13], I offered to provide counsel for Defendants with additional time to respond to the amended complaint and anticipated entering into another joint motion for a briefing schedule on motions to dismiss similar to the one the Court had already granted. [*See* Dkt. No. 4] Instead, counsel for the defendants insisted on filing their motions to dismiss the First Amended Complaint by January 2, 2017 and holding a meet and confer conference over the holidays. Moreover, counsel for defendants refused to even respond to my request for additional time to file oppositions to the motions to dismiss until after the meet and confer conference took place on December 27, 2016.

      7.     Attached as Exhibit A is a true and correct copy of the Second Amended Complaint that Pauma intends to file should the Court grant the instant motion.

      8.     Attached hereto as Exhibit B is a true and correct copy of a redlined version of the Second Amended Complaint showing the changes made to the First Amended Complaint.

      9.     Exhibits C through G are documents filed in the action entitled, *In re Indian Gaming Related Cases*. *See Picayune Rancheria, et al. v. Wilson, et al.*, No. 97-04693, Dkt. No. 49 (N.D. Cal. July 30, 1998) ("*Coyote Valley*") (relating instant case with twelve others from the district that were numerically designated as 98-1801, 98-1806, 98-1972, 98-1973, 98-1975, 98-1977, 98-1978, 98-1979, 98-1980, 98-1981, 98-1982, 98-2454).

      10.    Attached hereto as Exhibit C is a true and correct certified copy of the

February 2, 2000 "Ex Parte Motion of Hotel Employees and Restaurant Employees International Union for Intervention" from the National Archives and Records Administration, which will be filed as part of the Second Amended Complaint as **Exhibit 28.** The certification provided from the National Archives and Records Administration for Exhibits C through G is attached to the beginning of this Exhibit C.

11. Attached hereto as Exhibit D is a true and correct certified copy of the "Declaration of Richard G. McCracken in Support of Ex Parte Motion of Hotel Employees and Restaurant Employees International Union to Intervene" from the National Archives and Record Administration, which will be filed as part of the Second Amended Complaint as **Exhibit 29**.

12. Attached hereto as Exhibit E is a true and correct certified copy of the "Answer of Hotel Employees and Restaurant Employees International Union to First Amended and Supplemental Complaint for Declaratory and Injunctive Relief" from the National Archives and Record Administration, which will be filed as part of the Second Amended Complaint as **Exhibit 30**.

13. Attached hereto as Exhibit F is a true and correct certified copy of excerpted portions of the "Defendant Intervenor Hotel Employees and Restaurant Employees International Union's Memorandum of Points and Authorities in Opposition to Plaintiffs' Prima Facie Showing that the State of California did not Negotiate a Compact in Good Faith under IGRA" from the National Archives and Record Administration, which will be filed as part of the Second Amended Complaint as **Exhibit 31.**

14. Attached hereto as Exhibit G is a true and correct certified copy of excerpted portions of "Hotel Employees and Restaurant Employees International Union's Brief Amicus Curiae in Opposition to Plaintiff Coyote Valley's Reconsideration of Order Denying Coyote Valley's Motion for an Order Pursuant to 25 U.S.C. §§2710(D)(7)(B)(3)(iv) [sic]" from the National Archives and Record Administration, which will be filed as part of the Second Amended Complaint as **Exhibit 32**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of January, 2017 at Sacramento, California.

By: /s/ *Cheryl A. Williams*
Cheryl A. Williams

5  Case No.: 16-CV-2660 BAS (AGS)
DECLARATION OF C. WILLIAMS ISO PAUMA BAND OF MISSION INDIANS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT