EXHIBIT E

1  RICHARD G. McCRACKEN, SBN 062058
   JONI S. JACOBS, SBN 178936
2  DAVIS, COWELL & BOWE, LLP
   100 Van Ness Avenue, 20th Floor
3  San Francisco, CA 94102
   Tel. (415) 626-1880
4
   Atttorneys for Intervenor
5  HERE

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12  IN RE INDIAN GAMING RELATED        Case No.: 97-04693
    CASES
13                                     This document relates to:
                                       No. C-98-1806 CW
14  CHEMEHUEVI INDIAN TRIBE,
    COYOTE VALLEY BAND OF POMO         ANSWER OF HOTEL EMPLOYEES AND
15  INDIANS, ELK VALLEY                RESTAURANT EMPLOYEES
    RANCHERIA, HOOPA VALLEY            INTERNATIONAL UNION TO FIRST
16  INDIAN TRIBE, HOPLAND BANK OF      AMENDED AND SUPPLEMENTAL
    POMO INDIANS, REDDING              COMPLAINT FOR DECLARATORY AND
17  RANCHERIA, and SMITH RIVER         INJUNCTIVE RELIEF
    RANCHERIA,
18
           Plaintiffs,
19
        v.
20
    THE STATE OF CALIFORNIA,
21
           Defendants.
22  ──────────────────────────/

23      COMES NOW intervenor Hotel Employees And Restaurant

24  Employees International Union, AFL-CIO ("HERE"), and answers

25  plaintiffs' First Amended And Supplemental Complaint For

26  Declaratory And Injunctive Relief ("First Amended Complaint"),

as follows.

## ADMISSIONS AND DENIALS

1.    Intervenor HERE admits that the Court has jurisdiction over this action pursuant to 28 USCS §§1331 and 1362, and 25 USCS §2710(d)(7)(A).

2.    Intervenor HERE admits that venue is proper in this Court under 28 USCS §1391(b).

3.    Intervenor HERE is without information and belief as to the allegations of paragraph 3 of the First Amended Complaint, and denies all of the allegations in that paragraph on that basis.

4.    Intervenor HERE admits the allegations of paragraph 4-6 of the First Amended Complaint.

5.    Intervenor HERE admits that under the Indian Gaming Regulatory Act, 25 USCS §2701 et seq. ("IGRA"), Indian tribes having jurisdiction over Indian lands upon which class III gaming activity is or is to be conducted must request that the state in which such lands are located enter into negotiations for the purpose of entering into a compact governing the conduct of such gaming activity.  Intervenor HERE further admits that an Indian tribe may initiate a cause of action described in IGRA §2710(d)(7)(A)(1) against a state at the close of 180 days after a request to negotiate is made.  Intervenor HERE denies each and every fact remaining in paragraph 7 of the First Amended Complaint.

6.    Intervenor HERE is without information and belief as

1   to the allegations of paragraphs 8-10 of the First Amended
2   Complaint, and denies all of the allegations in those paragraphs
3   on that basis.

4       7.    Intervenor HERE avers that no response is required of
5   it to paragraph 11 of the First Amended Complaint.

6       8.    Intervenor HERE admits the allegations of paragraphs
7   12-13 of the First Amended Complaint.

8       9.    Intervenor HERE avers that no response is required of
9   it to paragraphs 14-18 of the First Amended Complaint, as said
10  paragraphs contain legal conclusions and not allegations of
11  fact.  To the extent said paragraphs contain factual
12  allegations, Intervenor HERE is without information and belief
13  as to the factual allegations of paragraphs 14-18 of the First
14  Amended Complaint, and denies all of the allegations in those
15  paragraphs on that basis.

16      10.    Intervenor HERE is without information and belief as
17  to the allegations of paragraphs 19-21 of the First Amended
18  Complaint, and denies all of the allegations in those paragraphs
19  on that basis.

20      11.    Intervenor HERE avers that no response is required of
21  it to paragraph 22 of the First Amended Complaint.

22      12.    Intervenor HERE is without information and belief as
23  to the allegations of paragraph 23 of the First Amended
24  Complaint, and denies all of the allegations in that paragraph
25  on that basis.

26      13.    Intervenor HERE avers that no response is required of

1   it to paragraph 24 of the First Amended Complaint, as said
2   paragraph contains legal conclusions, and not allegations of
3   fact.

4       14.   Intervenor HERE avers that no response is required of
5   it to paragraphs 25-26 of the First Amended Complaint.

6       15.   Intervenor HERE is without information and belief as
7   to the allegations of paragraphs 27-29 of the First Amended
8   Complaint, and denies all of the allegations in those paragraphs
9   on that basis.

10                    FIRST AFFIRMATIVE DEFENSE
11      The First Amended Complaint fails to state a claim upon
12  which relief can be granted.

13                  SECOND AFFIRMATIVE DEFENSE
14      Upon information and belief, Intervenor HERE alleges that
15  in doing the acts complained of in the First Amended Complaint,
16  defendant State of California was duly authorized by, and acted
17  under the authority of the relevant provisions of the Indian
18  Gaming Regulatory Act, 25 USCS §2701 et seq., in that it
19  negotiated an Indian gaming compact in good faith.

20      WHEREFORE, Intervenor HERE prays of the Court as follows:
21      1.   That plaintiffs be granted no relief in this action,
22  and take nothing by their First Amended Complaint;

23      2.   That the Court award Intervenor HERE its costs of suit
24  incurred herein; and

25  ///

26

1        3.    For such other and further relief as the Court may

2    deem proper.

3    Dated:    January *31*, 2000        DAVIS, COWELL & BOWE, LLP

4

5                                By

6                                  RICHARD G. McCRACKEN
                              JONI S. JACOBS

7                                  Attorneys for Intervenor HERE

8

9    27/D:\dcbgeneral\JSJ\coyote.ans.wpd
    1/31/2000/16:08:35

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26